# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

ROBERT ANTHONY HARDGRAVES,                1:07-cv-01833 SMS HC

              Petitioner,        ORDER GRANTING RESPONDENT'S
                                          MOTION TO DISMISS PETITION,
    v.                                   DISMISSING PETITION FOR WRIT OF
                                          HABEAS CORPUS WITH PREJUDICE, AND
                                          DECLINING TO ISSUE CERTIFICATE OF
JAMES HARTLY, Warden,                     APPEALABILITY

              Respondent.        [Doc. 13]
_____/

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge.

## BACKGROUND

    On July 14, 2005, Petitioner pled no contest to battery on a spouse or cohabitor with enhancements of inflicting great bodily injury and use of a deadly weapon.  Petitioner admitted the truth of a prior felony conviction allegation.  Petitioner was sentenced to a determinate term of 10 years in state prison.  (Lodged Doc. No. 1.)  Petitioner did not appeal this judgment.

    However, Petitioner subsequently filed three pro se state post-conviction collateral petitions.[1]  The first petition was filed on April 17, 2007, in the California Superior Court for the County of Stanislaus.  (Lodged Doc. No. 2.)  The petition was denied on April 26, 2007.  (Lodged

---

[1] The filing dates as listed reflect the dates upon which Petitioner signed the proofs of service.  <u>See</u> Rules 3(d) of the Federal Rules Governing Section 2254 Cases.

Doc. No. 3.)

The second petition for writ of habeas corpus was filed in the California Court of Appeal, Fifth Appellate District on May 7, 2007.  (Lodged Doc. No. 4.)  The petition was denied on May 21, 2007.  (Lodged Doc. No. 5.)

The third and final state petition for writ of habeas corpus was filed in the California Supreme Court on June 3, 2007, and denied on October 24, 2007.  (Lodged Doc. Nos. 6, 7.)

The instant federal petition for writ of habeas corpus was filed on December 6, 2007. (Court Doc. 1.)

Respondent filed the instant motion to dismiss on March 4, 2008, and Petitioner filed an opposition on April 24, 2008.  (Court Docs. 13, 19.)  Respondent filed a reply on May 7, 2008. (Court Doc. 21.)

## DISCUSSION

A.   Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ."  The Advisory Committee Notes to Rule 5 of the Rules Governing Section 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the attorney general, thus avoiding the necessity of a formal answer as to that ground."  The Ninth Circuit has referred to a respondent's motion to dismiss on the ground that the petitioner failed to exhaust state remedies as a request for the Court to dismiss under Rule 4 of the Rules Governing Section 2254 Cases.  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982).  Based on the Rules Governing Section 2254 Cases and case law, the Court will review Respondent's motion for dismissal pursuant to its authority under Rule 4.

B.   Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas

corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).  The instant petition was filed on December 6, 2007, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, Section 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In most cases, the limitation period begins running on the date that the petitioner's direct review became final.  Here, Petitioner was convicted on July 14, 2005.  Pursuant to Rule 31(a) of the California Rules of Court, Petitioner had sixty (60) days in which to file a notice of appeal. Cal.R.Ct. 8.308; People v. Mendez, 81 Cal.Rptr.2d, 301, 19 Cal.4th 1084, 969 P.2d 146 (1999). Because Petitioner did not file a notice of appeal his direct review concluded on September 12, 2005, sixty (60) days after the time for filing an appeal expired.  Thus, Petitioner had one year from September 13, 2005, in which to file his federal Petition for Writ of Habeas Corpus.  See, Kelly, 127 F.3d at 784; see also Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001) (holding that Rule 6(a) of the Federal Rules of Civil Procedure governs the calculation of statutory tolling

1 applicable to the one year limitations period.)  Therefore, the statute was set to expire on

2 September 13, 2006.  Petitioner did not file the instant petition until December 6, 2007, and

3 absent statutory or equitable tolling, the petition is untimely.

4 C.      Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

5       Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application

6 for State post-conviction or other collateral review with respect to the pertinent judgment or claim

7 is pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2).

8 In Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is tolled from the time the

9 first state habeas petition is filed until the California Supreme Court rejects the petitioner's final

10 collateral challenge."[2]  Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120

11 S.Ct. 1846 (2000); see also Taylor v. Lee, 186 F.3d 557 (4th Cir. 1999); Barnett v. Lemaster, 167

12 F.3d 1321, 1323 (10th Cir. 1999).  The Court reasoned that tolling the limitations period during

13 the time a petitioner is preparing his petition to file at the next appellate level reinforces the need

14 to present all claims to the state courts first and will prevent the premature filing of federal

15 petitions out of concern that the limitation period will end before all claims can be presented to

16 the state supreme court.  Id. at 1005.  The limitations period, however, will not toll for the time a

17 petition for writ of habeas corpus is pending in federal court.  Duncan v. Walker, 533 U.S. 167

18 (2001).

19       Here, Petitioner did not file any state post-conviction petitions within the limitations

20 period.  Although Petitioner filed three state post-conviction petitions, none were filed within the

21 limitations period, as the first petition was not filed until April 17, 2007, approximately seven

22 months after the limitations period expired.  Because the limitations period had already expired,

23 the collateral challenge had no tolling consequence.  Green v. White, 223 F.3d 1001, 1003 (9th

24 Cir.2000) (Petitioner is not entitled to tolling where the limitations period has already run); see

25

26       [2] In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original
habeas corpus jurisdiction. See Nino 183 F.3d at 1006, n. 2 (9th Cir. 1999).  Although a Superior Court order
27 denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of
Appeal.  Id.  If the Court of Appeal denies relief, the petitioner may seek review in the California Supreme Court by
28 way of a petition for review, or may instead file an original habeas petition in the Supreme Court.  See id.

1  also Webster v. Moore, 199 F.3d 1256 (11th Cir.2000); Rendall v. Carey, 2002 WL 1346354

2  (N.D.Cal.2002).

3       In his opposition, it appears that Petitioner is attempting to argue that his claim is derived

4  from the Supreme Court's recent holding in Cunningham v. California, 549 U.S. 270, 127 S.Ct.

5  856 (January 22, 2007) which is retroactively applied.  Petitioner's argument is not persuasive.

6  Pursuant to section 2244(d)(1)(C), the one-year statute of limitations begins to run from "the date

7  on which the constitutional right asserted was initially recognized by the Supreme Court, if the

8  right has been newly recognized by the Supreme Court and made retroactively applicable to cases

9  on collateral review."  Id.  Neither the Supreme Court or the Ninth Circuit Court of Appeals has

10 determined that Cunningham applies retroactively.  In fact, current Ninth Circuit authority

11 supports the finding that Cunningham does not apply retroactively.  As was the case in Blakely v.

12 Washington, Cunningham shifted the decision-making authority from the judge to the jury to

13 determine any facts which may increase a defendant's sentence, such determination is a

14 procedural rather than substantive rule.  Neither Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct.

15 2348 (2000), Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531 (2004) or United States v.

16 Booker, 543 U.S. 220, 125 S.Ct. 788 (2005) have been applied retroactively.  Sanchez-Cervantes,

17 282 F.3d 664, 666-667 (9th Cir. 2002); Schardt v. Payne, 414 F.3d 1025 (9th Cir. 2005); United

18 States v. Cruz, 423 F.3d 1119, 1121 (9th Cir. 2005).  This being so, it appears highly unlikely that

19 Cunningham would be applied retroactively.[1]  This finding is supported by several district courts

20 that have addressed the issue.  See e.g. Fennen v. Nakayema, 494 F.Supp.2d 1148, 2007 WL

21 1742339 (E.D. Cal., June 14, 2007); Rosales v. Horel, 2007 WL 1852186 (S.D. Cal., June 26,

22 2007); Salerno v. Schriro, 2007 WL 2153584 (D. Ariz., July 24, 2007).

23       Nor does Petitioner's claim fail under section 2244(d)(1)(D), which delays commencement

24 of the limitation period.  Under section 2244(d)(1)(D), the one-year statute of limitations begins to

25 run on "the date on which the factual predicate of the claim or claims presented could have been

26

27     [1] Nor does Cunningham satisfy either of the exceptions to the nonretroactivity rule set forth in Teague v.
   Lane, 489 U.S. 288 (1989).  The holding in Cunningham did not decriminalize any primary conduct or remove a
   class of individuals from punishment.  See Schriro v. Summerlin, 542 U.S. 348, 353 (2004); Caspari v. Bohlen, 510

28 U.S. 383, 396 (1994).

1  discovered through the exercise of due diligence." The factual predicate of Petitioner's claim was

2  known to him well before the Supreme Court's decision in <u>Cunningham</u>, as Petitioner was

3  convicted and sentenced in 2005, and section 2244(d)(1)(D) does not apply.

4     Accordingly, Petitioner is not entitled to delayed commencement of the statute of

5  limitations under sections 2244(d)(1)(C) or 2244 (d)(1)(D). As such, Petitioner had until

6  September 13, 2006, to file his federal petition.

7  D.     <u>Equitable Tolling</u>

8     The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1)

9  that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood

10 in his way." <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418 (2005); <u>see also</u> <u>Irwin v. Department of</u>

11 <u>Veteran Affairs</u>, 498 U.S. 89, 96 (1990); <u>Calderon v. U.S. Dist. Ct. (Kelly)</u>, 163 F.3d 530, 541 (9th

12 Cir. 1998), *citing* <u>Alvarez-Machain v. United States</u>, 107 F.3d 696, 701 (9th Cir. 1996), cert.

13 denied, 522 U.S. 814 (1997). Petitioner bears the burden of alleging facts that would give rise to

14 tolling. <u>Pace</u>, 544 U.S. at 418; <u>Smith v. Duncan</u>, 297 F.3d 809 (9th Cir.2002); <u>Hinton v. Pac.</u>

15 <u>Enters.</u>, 5 F.3d 391, 395 (9th Cir.1993).

16    Petitioner contends that he is ignorant of the law and his claims should be heard to avoid a

17 miscarriage of justice. A petitioner's lack of legal sophistication is not, by itself, an extraordinary

18 circumstance warranting equitable tolling. <u>Raspberry v. Garcia</u>, 448 F.3d 1150, 1154 (9th Cir.

19 2006). In addition, the merits of Petitioner's underlying state prosecution have no bearing on

20 whether extraordinary circumstances exist to justify the late filing of a habeas corpus petition; the

21 showing of extraordinary circumstances related to filing of the petition itself is required. <u>Helton</u>

22 <u>v. Secretary for Dept. of Corrections</u>, 259 F.3d 1310, 1314-1315 (11th Cir. 2001).

23    To the extent Petitioner argues that he is entitled to equitable tolling based on the Supreme

24 Court's decision in <u>Cunningham</u>, Petitioner is mistaken, as he has not demonstrated any

25 extraordinary circumstances warranting equitable tolling based on his anticipated claim.

26    Lastly, Petitioner's claim that Respondent is bound by Rule 9(a) of 28 U.S.C. § 2254, is

27 likewise without merit. As Respondent correctly submits, Rule 9 codified the equitable doctrine

28 of laches as applied to habeas corpus petitions. <u>Walters v. Scott</u>, 21 F.3d 683, 686 (5th Cir. 1994).

1  However, the 2004 amendments to Rule 9 deleted this provision "as unnecessary in light of the

2  applicable one-year statute of limitations."  Adv. Comm. Notes to Habeas Corpus Rule 9.  As a

3  consequence, superceded Rule 9(a) applies, if at all, to cases filed prior to the 2004 amendment to

4  the rule.  See Dumas v. Kelly, 418 F.3d 164, 166 & n.2, 167 (2d Cir. 2005).

5  E.      Request for Evidentiary Hearing and Discovery

6          In his opposition, Petitioner requests an evidentiary hearing and discovery.  (Opposition, at

7  8-10.)  Respondent opposes Petitioner's requests as premature, and the Court agrees.

8          Under Rule 8(a) of the Rules Governing Section 2254 Proceedings, provides that "[i]f the

9  petition is not dismissed, the judge must review the answer, any transcripts and records of state-

10 court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary

11 hearing is warranted."  Here, Petitioner's request for an evidentiary hearing must be denied

12 because for the reasons explained *supra*, the instant petition is subject to dismissal as a violation

13 of the one-year statute of limitations, and the Court has not and can not review the merits of the

14 instant petition.

15         Petitioner's request for discovery must likewise be denied.  First, Petitioner has no federal

16 constitutional right to discovery.  See Rule 6 of the Rules Governing Section 2254 cases.  "Rather,

17 discovery is available only in the discretion of the court and for good cause shown."  Rich v.

18 Calderon, 187 F.3d 1064, 1068 (9th Cir. 1999).  Petitioner seeks discovery in the form of notes,

19 documents, forms, pleadings or any other written material which describes or documents the

20 factors of his defense, and a Court order directing Respondent to submit to a deposition upon

21 written questions.  (Opposition, at 10.)  For the reasons explained *supra*, because the instant

22 petition is subject to dismissal under section 2244(d), it would be improper to order discovery

23 relating to the claims of the untimely petition.

24                                              ORDER

25         Based on the foregoing, it is HEREBY ORDERED that:

26         1.   Respondent's motion to dismiss the instant petition is GRANTED;

27         2.   The instant petition for writ of habeas corpus is DISMISSED, with prejudice;

28         3.   The Clerk of Court shall enter judgment in favor of Respondent; and,

7

4. The court declines to issue a Certificate of Appealability.  28 U.S.C. § 2253(c); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (in order to obtain a COA, petitioner must show: (1) that jurists of reason would find it debatable whether the petition stated a valid claim of a denial of a constitutional right; and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).  In the present case, the Court does not find that jurists of reason would not find it debatable whether the petition was properly dismissed, with prejudice, as time-barred under 28 U.S.C. § 2244(d)(1).   Petitioner has not made the required substantial showing of the denial of a constitutional right.

IT IS SO ORDERED.

**Dated:    May 19, 2008**                                        **/s/ Sandra M. Snyder**
                                                     UNITED STATES MAGISTRATE JUDGE